IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ANDREW HALL, | No. CIV S-05-1556-RRB-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| C. PLILER, et al., | |
| Defendants. | |
| _____/ | |

    Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Before the court is defendants' motion to compel plaintiff's deposition (Doc. 35).

    Pursuant to the scheduling order issued in this case (Doc. 27), all discovery and motions regarding discovery were to be completed by August 24, 2007.  Defendants noticed plaintiff's deposition to be held on August 21, 2007, in Sacramento, California.  On August 13, 2007, plaintiff filed with the court a request for a change of the location of his deposition (Doc. 34).  This notice was served on defendants' attorney.  Plaintiff is no longer a prisoner in the custody of the California Department of Corrections and Rehabilitation, and is now residing in Los Angeles, California.  Plaintiff has informed both the court and the Attorney General's office of his current address in Los Angeles.  See Doc. 32.

Federal Rule of Civil Procedure 30(a)(1) provides, in pertinent part, that a "party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court..." If a party fails "to appear before the officer who is to take the deposition, after being served with a proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just ..." Fed. R. Civ. Proc. 37(d).

The question raised in this matter is where the deposition is properly held. The Federal Rules do not restrict the place for taking a party's deposition like they do when witnesses are subpoenaed. See Fed. R. Civ. Proc. 30, 45. Thus, it was not improper for the defendants to notice plaintiff's deposition in Sacramento. However, when a plaintiff is "seriously inconvenienced by appearing at a site chosen by defendants" for his deposition, he "may object, upon motion seasonably made, and may show cause why a deposition should not be taken at the designated place." Barili v. Bianchi, 6 F.R.D. 350, 352 (N.D. Cal., 1946) (citing Rule 30(b)). Plaintiff complied with this requirement by filing and sending to defendants his request for a change of location of his deposition.

Plaintiff notified defendants over a week prior to his noticed deposition that he was unable to pay his way to Sacramento from Los Angeles. Plaintiff requested defendants either pay for a ticket to Sacramento or hold the deposition in Los Angeles. He did not, as defendants claim in their motion to compel, refuse to attend the deposition. Plaintiff has been granted leave to proceed in forma pauperis in this action. Thus, he has made the proper showing to the court that he does not have the financial means to prepay any fees or costs or give security therefor. This, in addition to his notice of inability to pay for transportation to Sacramento to attend his deposition, is sufficient to show attendance at a deposition in Sacramento would constitute a real hardship. "Since plaintiff voiced timely and proper objections to defendants' notice of taking deposition in [Sacramento], it is incumbent upon the Court to pass upon the propriety of the situs selected by defendants." Id. Accordingly, the court finds plaintiff's required attendance at a deposition in Sacramento constitutes a real hardship for plaintiff.

Defendants' motion to compel plaintiff's attendance at a deposition in Sacramento will be denied.

As discussed below, discovery will remain open and the remaining dates set forth in the scheduling order issued by the court will be vacated. Defendants will be able to reset plaintiff's deposition. Defendants are cautioned, however, that plaintiff has made the required showing of hardship to attend a deposition noticed in Sacramento on his own nickel. Other options are available for the taking of plaintiff's deposition. Defendants can pay for plaintiff's transportation to Sacramento to attend his deposition, defendants can set the deposition for a location in Los Angeles, or the parties can agree to hold the deposition by telephone or other remote electronic means as provided for in Rule 30(b)(7).

In addition, the court notes there remains several unserved defendants in this case. Plaintiff names 28 individuals as defendants in his complaint: Pliler, Rosario, Stiles, Minyard, Connor, Vance, Johnson (Lt.), Gold, Kimbrell, Rogel, Murphy, Gonzales, Ranzany, Uglino, Smith, Goughnour, Shrode, Lord, Peterson, Clavere, Jaffe, Ewing, Johnson (MD), Kelly, Phillppi, Baxter, Shoemaker and Whelan.[1] The court previously found service appropriate for 23 of the defendants: Pliler, Stiles, Rosario, Gold, Connor, Goughnor, Uglino, Smith, Lord, Murphy, Rogel, Johnson (Lt.), Gonzales, Ranzany, Kimbrell, Peterson, Jaffe, Shrode, Ewing, Kelly, Clavere, Shoemaker and Baxter.[2] That leaves five named defendants who have not been previously addressed by the court.

The court now addresses these five named defendants, specifically Minyard, Vance, Phillppi, Whelan, and Johnson (MD), and finds service appropriate for defendants Vance,

---

[1] The docket lists 29 individuals as defendants. As plaintiff has only named 28, the Clerk of the Court will be directed to delete the additional individual, Burrell, as a defendant.

[2] The original service order issued in this case names three additional individuals for whom service was deemed appropriate. However, these individuals are not named as defendants in the complaint.

Phillippi and Johnson (MD).[3]  The court, therefore, will direct service by the U.S. Marshal, without pre-payment of costs, as to these three additional defendants.  Plaintiff is informed, however, action on his part is required, and this case cannot proceed further until plaintiff complies with this order.  Plaintiff will be required to complete the Notice of Submission of Documents and submit to the court the documents listed below.  Plaintiff is warned that failure to comply with this order may result in dismissal of the action.  See Local Rule 11-110.

Upon review of the docket, the court also notes that plaintiff was previously ordered to provide additional information to effect service on defendants Gonzales and Smith.  (See Doc. 18).  Process directed to defendant C. Gonzales was returned unserved with the notation "unable to locate."  Process directed to defendant Smith was returned because plaintiff did not provide information specific to one of the many Smiths working at the prison.   Plaintiff was directed to use the means available to him to discover the whereabouts of these defendants.  He was also ordered to provide that information to the court, along with the necessary documents to effect service, by July 31, 2006.  To date, plaintiff has failed to comply with this order.  Accordingly, plaintiff will be ordered to show good cause why defendants Gonzales and Smith shall not be dismissed from this action under Federal Rule of Civil Procedure 4(m) for failure to serve process.

Because the court finds service appropriate for three additional defendants, the court will vacate the remaining dates in the scheduling order issued on May 3, 2007.  Discovery will remain open.  At a later date, and by separate order, the parties will be required to submit status reports.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (Doc. 35) is denied;

///

---

[3] As addressed in separate Findings and Recommendations issued by the undersigned, service on defendants Minyard and Whelan is not appropriate.

4

        2.       The Clerk of the Court is directed to update the docket to terminate Burruell as a defendant to this action;

        3.       Plaintiff is ordered to show good cause, in writing, within thirty days of the date of this order why defendants Gonzales and Smith should not be dismissed from this action under Rule 4(m) for failure to serve process;

        4.       Service is appropriate for the following additional defendants: Vance, Phillippi, and Johnson (MD);

        5.       The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the complaint filed August 4, 2005;

        6.       Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a.       The completed Notice of Submission of Documents;

        b.       One completed summons;

        c.       Three completed USM-285 form(s); and

        d.       Four copies of the endorsed complaint filed August 4, 2005; and

        7.       The remaining dates in the scheduling order issued May 3, 2007 are vacated.

DATED: September 4, 2007.

                                                **CRAIG M. KELLISON**
                                               UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

GREGORY ANDREW HALL,  
    Plaintiff,  
  vs.  
C. PLILER, et al.,  
    Defendants.  
_____/

No. CIV S-05-1556-RRB-CMK-P

NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order:

    __1__    completed summons form;  
    ____    completed USM-285 form(s); and  
    ____    copies of the complaint filed on August 4, 2005.

DATED: _____

                                                                     Plaintiff