IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ANDREW HALL, | No. CIV S-05-1556-RRB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| C. PLILER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff's complaint was previously screened and the court found service proper for most of the defendants. However, there are two defendants, Minyard and Whelan, for whom service was not found to be proper. The undersigned is recommending these defendants be dismissed without leave to amend.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

///

///

///

As to defendant Minyard, plaintiff's complaint states he verbally threatened plaintiff. Specifically, on page 8, plaintiff states:

> On 2-28-02, the retaliation continued for trying to exercise my rights to utilize the inmate appeal system, guards terrorized me, c/o Minyard said "Hall, think, we'll get you"! c/o Minyard was as serious as a heart attack. ... On or about 3-24-02, c/o Minyard said "I'll have the Mexicans stab you"!

This is the only time defendant Minyard's is mentioned in plaintiff's complaint. The Ninth Circuit has found mere threats are not sufficient to state a cause of action and "it trivializes the eighth amendment to believe a threat constitutes a constitutional wrong." <u>Gaut v. Sunn</u>, 810 F.2d 923 (9th Cir. 1987).

As to defendant Whelan, plaintiff claims, on page 7 of his complaint, that Dr. Whelan "interviewed and denied another appeal [plaintiff] had on all mental health staff in [his] case."

Plaintiff fails to offer any explanation, nor can he, as to how Dr. Whelan, in denying his appeal, has violated any of plaintiff's civil rights. Plaintiff's conclusory allegations that Dr. Whelan disrespected his rights, is insufficient.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to the dismissal of the these two defendants from this action. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that defendants Minyard and Whelan be dismissed from this action, without leave to amend plaintiff's complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written

///

///

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 6, 2007.

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE