1

2

3

4

5 **IN THE UNITED STATES DISTRICT COURT**

6 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8 GREGORY ANDREW HALL,                    No. CIV S-05-1556-RRB-CMK-P

9          Plaintiff,

10    vs.                                   <u>FINDINGS AND RECOMMENDATIONS</u>

11 C. PLILER, et al.,

12          Defendants.

13 _____/

14         Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. §

15 1983.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of

16 California local rules.

17         On January 11, 2008, the court issued plaintiff an order to show cause why

18 defendants Gonzales and Smith should not be dismissed from this action.  Plaintiff had been

19 required to submit the documents required for service of process on defendants Gonzales and

20 Smith by December 15, 2007.  No documents have been received by the court.  To date plaintiff

21 has failed to comply or respond in any manner to the order to show cause.

22         The court must weigh five factors before imposing the harsh sanction of

23 dismissal.  <u>See</u> <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000); <u>Malone v.</u>

24 <u>U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

25 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

26 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

        Having considered these factors, and in light of plaintiff's failure to submit service documents as directed, the court finds that dismissal of defendants Gonzales and Smith from this action is appropriate.  Based on the foregoing, the undersigned recommends that defendants Gonzales and Smith, only, be dismissed from this action for lack of prosecution and failure to comply with court rules and orders.  This case should continue as to the other defendants.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


 DATED:  March 27, 2008

                                              _____
                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE