1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   GREGORY ANDREW HALL,                    No. CIV S-05-1556-JAM-CMK-P

12                    Plaintiff,

13            vs.                            <u>ORDER</u>

14   C. PLILER, et al.,

15                    Defendants.

16   _____/

17            Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. §

18   1983.  Pending before the court is plaintiff's notice that he did not receive the court's June 13,

19   2008 scheduling order (Doc. 64).

20            Defendants filed an answer to the complaint on June 4, 2008.  The court then

21   issued a scheduling order on June 13, 2008, setting forth a schedule for this case to proceed to

22   trial.  The schedule, as set forth in the court's order, is for discovery to proceed until November

23   14, 2008, and all dispositive motions to be filed within 60 days after that date.  Plaintiff has

24   informed the court he never received a copy of that order.

25            The scheduling order was sent to plaintiff at his address of record at the time, on

26   St. Andrews Place in Los Angeles.  The court then issued two other orders which were returned

1

1    to the court as undeliverable.[1]  The scheduling order was not returned.  Plaintiff informed the

2    court of his change of address, to Bauchet Street in Los Angeles, on July 10, 2008.  Accordingly,

3    the two orders which were returned to the court were resent to plaintiff's new address.   Plaintiff

4    then informed the court of another change of address, to RJ Donovan Correction Facility, on

5    September 25, 2008.[2]  Parties appearing pro se are required to keep the court informed of any

6    address change.  See Local Rule 83-182(f).  Absent a notice of a change in address, service of

7    documents at plaintiff's prior address is fully effective.  See id.   However, as plaintiff claims he

8    did not receive a copy of the court's scheduling order filed June 13, 2008, the Clerk of the Court

9    will be directed to provide plaintiff a copy thereof.

10               Plaintiff indicates that he was unaware that discovery would end on November 14,

11    2008.  Discovery has been open since May 3, 2007 (Doc. 27).  Discovery was original due by

12    August 24, 2007.  However, in September 2007, the court vacated the remaining dates in the

13    scheduling order due to finding service appropriate on additional defendant (Doc. 37).  Discovery

14    has remained opened ever since.  Plaintiff therefore had a year and a half to conduct any

15    necessary discovery.  Even assuming plaintiff did not receive the court's June 13, 2008 order,

16    plaintiff cannot now claim he was unaware that discovery was opened.[3]  All discovery requests

17    were required to be serve 60 days prior to the discovery cut-off date.  Accordingly, no new

18    discovery may be propounded at this time.  If plaintiff has outstanding discovery requests that

19    defendants are not responding to, his remedy is to bring a motion to compel.

20    / / /

21

22         [1]    These two orders were issued by the District Judge adopting the findings and

23    recommendations to dismiss defendants Minyard, Whelan, Gonzales and Smith.  See Docs. 56 & 57.

24         [2]    Plaintiff has also asked the court to update his mailing CDCR number.  The Clerk

25    of the Court will be directed to update plaintiff's number.

26         [3]    The court notes that in August 2007 there were discovery issues surrounding plaintiff's deposition.  Clearly plaintiff was aware that discovery was opened.

1    　　　　To the extent plaintiff is claiming he does not have sufficient time to prepare for

2    dispositive motions, that deadline is still more than 10 weeks away.[4]  That should be sufficient

3    time for plaintiff to prepare a dispositive motion,[5] and plaintiff has not shown good cause for an

4    extension of that deadline.  To the extent plaintiff is concerned about filing a status report, if the

5    court orders status reports, the parties will be directed as to what should be included in the

6    reports.

7    　　　　Accordingly, IT IS HEREBY ORDERED that:

8    　　　　1.　　The Clerk of the Court is directed to send plaintiff a copy of the court's

9    June 13, 2008 order (Doc. 55);

10   　　　　2.　　The Clerk of the Court is directed to update plaintiff's mailing CDCR

11   number; and

12   　　　　3.　　The dates in the scheduling order (Doc. 55) are confirmed.

13

14   DATED: October 29, 2008

15

16   _____
     **CRAIG M. KELLISON**
     UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24   _____

25   　　[4]　　Dispositive motions must be filed within 60 days of the discovery cutoff date of
     November 14, 2008.

26   　　[5]　　An example of a dispositive motion is a motion for summary judgment.